**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>v.<br><br>JESUS MARTINEZ DELGADO, AKA Chuy, AKA Jesus Martinez,<br><br>        Defendant - Appellant. | No. 13-50617<br><br>D.C. No. 2:09-cr-00445-DSF-59<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted January 5, 2016
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Jesus Martinez Delgado (Delgado) appeals from his convictions and

sentence for conspiracy to distribute cocaine base and methamphetamine,

possession with intent to distribute cocaine base, and simple possession of

methamphetamine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

**1.** The district court did not err when it denied Delgado's motion to suppress based on an asserted *Miranda* violation without holding an evidentiary hearing. "Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (per curiam). "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in issue." *Id.*; *see also United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

Delgado's motion was not sufficiently definite, specific, or detailed to create a contested issue of fact. He generally asserted that when an officer read him his rights in Spanish, he did not "completely understand" his rights because the "agent's Spanish was not very good." In response, the government proffered an affidavit of the agent who explained that his native language was Spanish, and he read Delgado his *Miranda* rights from a pre-printed form. Delgado "did not indicate . . . any confusion or uncertainty," and told the officer "in Spanish that he understood his rights and agreed to speak." The record does not reflect any communication difficulties through the rest of the interview.

2

Delgado did not reply to the government's opposition or rebut any of the officer's statements. The district court expressly asked Delgado's counsel whether he would like to be heard on the motion to suppress, and his counsel declined, choosing instead to submit on the papers. In these circumstances, it cannot be said that the district court abused its discretion in concluding that Delgado's self-serving and generalized statements failed to create a contested issue of fact requiring an evidentiary hearing. *See Walczak*, 783 F.2d at 857.

2.  The district court did not abuse its discretion by denying Delgado's motions to substitute counsel. The district court here gave Delgado a "full and fair opportunity to explain why he felt substitution was necessary." *United States v. Prime*, 431 F.3d 1147, 1155 (9th Cir. 2005). The district court listened to his counsel's explanations in response, explained to Delgado why his counsel's actions had been reasonable, and concluded that Delgado and his attorney had not developed an irreconcilable conflict or serious breakdown in communication that would "result in an inadequate defense." *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000).

**3.**     The district court that issued the wiretap for Delgado's co-conspirator's phone[1] did not abuse its discretion in concluding that the government had made "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). "[W]e have adopted a 'common sense approach' in which the reviewing court uses a standard of reasonableness to evaluate the government's good faith effort to use alternative investigative means . . . ." *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001). The government's affidavit "devote[d] 76 pages to why other investigatory procedures would not be effective," and explained "in case-specific detail why the use of . . . alternative investigatory procedures would be of extremely limited utility, unlikely to succeed, and/or pose undue risk to human safety." This level of detail satisfies the statutory requirements under our precedent, and the district court did not abuse its discretion in finding the wiretap necessary to identify the role of all participants in the conspiracy under

---

[1]At the district court, the government argued that Delgado had not adequately alleged that he "was a party to" the intercepted communications, such that he would have standing to challenge the wiretap. The district court found that Delgado did have standing. We do not reach this issue, because the government has not renewed that argument on appeal, and because it affirmatively acquiesced to Delgado's standing at oral argument. *See United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986).

investigation. *See United States v. Garcia-Villalba*, 585 F.3d 1223, 1228–31 (9th Cir. 2009).

**4.** The district court did not err in treating Delgado's 2005 state court conviction as a prior drug conviction to enhance his sentence. State convictions may be used to enhance a federal sentence even where the federal and state charges "derive in part from the same activity." *United States v. Baker*, 10 F.3d 1374, 1420 (9th Cir. 1993) (amended opinion), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000).

**5.** Delgado's rights under the Double Jeopardy Clause were not violated because the underlying conduct in one of his state court convictions was also used as an overt act in furtherance of the federal conspiracy, and also used to enhance his sentence. A conviction of a substantive offense and a separate conviction for conspiracy involving that substantive offense do not pose a double jeopardy problem. *United States v. Felix*, 503 U.S. 378, 380–81 (1992). Likewise, it does not violate double jeopardy when a related substantive offense is used to enhance a sentence for a separate crime. *Witte v. United States*, 515 U.S. 389, 399–401 (1995).

**6.** The district court did not violate Delgado's Sixth Amendment right to a jury trial by making findings regarding his previous convictions for sentencing, rather

than submitting those issues to the jury. Sentencing factors such as recidivism are not elements of a crime that are constitutionally subject to a trial by jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998).

**7.** Delgado's sentence does not violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 994–96 (1991).

**AFFIRMED.**